**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA**
(Lynchburg Division)

MARGARET BOOTH
3903 Beacon Terrace
Marietta, Georgia 30062

        Plaintiff,

v.

WILLIAM GRAY WILEY
6135 Merriman Road
Roanoke, Virginia 24018

        Defendant.

Case No: **6:23CV00019**

CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
**4/3/2023**
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
DEPUTY CLERK

## COMPLAINT

COMES NOW the Plaintiff, MARGARET BOOTH by and through her attorneys, Christopher M FitzPatrick, Esq. and Morgan & Morgan, DC, PLLC, brings this cause of action against the Defendant, WILLIAM GRAY WILEY on the grounds and in the amounts set forth herein.

### PARTIES

1.    Plaintiff, MARGARET BOOTH is a citizen of the United States under no legal disability and a resident of Cobb County, Georgia. Ms. Booth is currently a Freshman at Sweet Briar College, in Sweet Briar, Virginia.

2.    Defendant, WILLIAM GRAY WILEY under knowledge, information, and belief, is a citizen of the United States and a resident of Roanoke, Virginia under no legal disability.

### JURISDICTION AND VENUE

3.    Venue is proper under 28 U.S.C. Code 1391 (b) (1) & (2).

4.    Jurisdiction is vested in this Court pursuant to 28 U.S.C. Sec. 1332 as the amount

in controversy exceeds $75,000.

## FACTS

5.   According to the police report, on or about September 12, 2022, at approximately 7:03 p.m., Plaintiff, MARGARET BOOTH was operating her vehicle at the intersection of Concorde Turnpike and Richmond Highway in Lynchburg, Virginia.

6.   At the same time and place, Defendant, WILLIAM GRAY WILEY was operating his vehicle heading Westbound on Concord Road in Lynchburg, Virginia when suddenly and without warning, Defendant rear-ended the Plaintiff's vehicle. As a result, the Plaintiff sustained serious bodily and neurological injuries resulting from severe head trauma based on the nature of the heavy and extremely forceful nature of the impact.

7.   The aforementioned collision occurred as the proximate result of the negligent conduct of the Defendant.

8.   At all times relevant, Plaintiff was free of any contributory negligence as to the cause of the collision and the injuries sustained. Likewise, Plaintiff did not assume the risk of injury.

## COUNT I – NEGLIGENCE

Plaintiff re-pleads and incorporates by reference paragraphs No. 1 through paragraph No. 8 of this Complaint fully as if the allegations were set forth fully herein and further states:

9. The Defendant had a duty to operate his vehicle in a careful and safe manner.
10. The Defendant breached his duties of care by:
    a. failing to keep a proper distance from another motorist by following too closely;
    b. failing to maintain control of his vehicle;
    c. failing to use reasonable care when operating his vehicle;

    d.  failing to obey traffic laws;

    e.  failing to safely operate his vehicle at a reasonable rate of speed;

    f.  failing to keep a proper lookout;

    g.  failing to take steps to avoid causing a collision;

    h.  failing to generally operate his vehicle in a safe, reasonable, and prudent manner; and was otherwise negligent.

11.    At all times relevant hereto, it was the Defendant's duty to obey statutes enacted for public safety, including VA Code § 46.2-816, requiring drivers not to follow other motorists more closely than is reasonable and prudent, by having due regard to the speed of other motorists, and VA Code § 46.2-861, requiring drivers to operate their vehicle at a reasonable speed under the circumstances and traffic conditions existing at the time, regardless of any posted speed limit.

12.    The Defendant violated these two (2) statutes which proximately caused the auto collision and resulted in the injuries to the Plaintiff.

13.    Plaintiff was a member of the class to be protected by these statutes.

## **DAMAGES AND AD DAMNUM**

14.    As a direct and proximate result of the above-described breaches of duties, Plaintiff MARGARET BOOTH was caused to suffer serious injury to her person, to include pain and suffering, emotional distress, loss of enjoyment of life, loss of opportunity, permanent physical impairment, lost wages, past and future, medical expenses, past and future, and other damages, with no negligence or lack of due care on her part contributing thereto.

15.    The aforementioned damages are permanent and continuing in nature.

**WHEREFORE,** Plaintiff respectfully requests that this Court grant judgment in favor of PLAINTIFF, MARGARET BOOTH against Defendant, WILLIAM GRAY WILEY in the amount of FIVE MILLION DOLLARS ($5,000,000.00) for compensatory damages and for such other amounts permitted by law as well as interest from September 12, 2022, and attorneys' fees and costs, or such other amounts as permitted by law and for such further relief as this Court deems just and proper.

## **PRAYER FOR A JURY TRIAL**

Plaintiff, by and through the undersigned counsel, hereby requests a jury trial on all triable issues in the above-captioned matter.

Respectfully submitted,

*/s/ Christopher M. FitzPatrick*
Christopher M. FitzPatrick, Esquire
VSB# 90394
Morgan & Morgan, DC PLLC
1901 Pennsylvania Avenue NW, Suite 300
Washington, DC 20006
Email: cfitzpatrick@forthepeople.com
Phone: (202) 772-0566
Fax: (202) 772-0616